UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN M.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-993-MLP

ORDER

## I.  INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in determining Plaintiff was capable of performing past relevant work. (Dkt. # 8.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for an award of benefits under sentence four of 42 U.S.C. § 405(g).

## I.  BACKGROUND

Plaintiff was born in 1959 and has the equivalent of a high school education. AR at 42. Plaintiff has worked as a file clerk, courtesy clerk, as a data entry and driver, and as a mail clerk. *Id.* at 42-43, 45, 54.

ORDER - 1

Plaintiff's applications for disability benefits were denied initially and on reconsideration. AR at 135, 145, 152. A hearing was held on March 27, 2018 before an ALJ. *Id.* at 33-88. The ALJ issued a decision finding Plaintiff not disabled. *Id.* at 14-31. Plaintiff appealed and the Appeals Council denied his request for review. *Id.* at 1. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 8.)

## II. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## III. DISCUSSION

**A. Whether the ALJ Erred at Step Four of the Sequential Evaluation**

Plaintiff argues the ALJ erred in finding he was still capable of performing past relevant work as a collection clerk as it is generally performed at step four of the sequential process. (Dkt. # 8 at 3 (citing AR at 27).)

*1. Legal Standards*

At step-four in the evaluation process, the ALJ must determine whether or not a claimant's impairment(s) prevents the claimant from doing past relevant work. *See* 20 C.F.R. § 404.1520(f). If the ALJ finds that the claimant has not shown an incapability of performing past relevant work, the claimant is not disabled for social security purposes and the evaluation process ends. *See id.* Plaintiff bears the burden to establish the inability to perform past work. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *see also Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999) (footnote omitted).

SSR 82–61 describes the tests for determining whether or not a claimant retains the capacity to perform her past relevant work. One of the tests identifies that "where the evidence shows that a claimant retains the RFC to perform the functional demands and job duties of a particular past relevant job as he or she actually performed it, the claimant should be found to be 'not disabled.'" SSR 82–61, 1982 WL 31387, at *2. Another test is "[w]hether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy." *Id.*

The Dictionary of Occupational Titles ("DOT") is the "best source for how a job is generally performed." *Pinto v. Massanari,* 249 F.3d 840, 845 (9th Cir. 2001). In classifying prior work, the agency must keep in mind that every occupation involves various tasks that may require differing levels of physical exertion. It is error for the ALJ to classify an occupation

"according to the least demanding function." *Valencia v. Heckler,* 751 F.2d 1082, 1086 (9th Cir. 1985). The DOT descriptions "can be relied upon—for jobs that are listed in the DOT—to define the job as it is *usually* performed in the national economy." SSR 82–61, 1982 WL 31387, at *2 (emphasis in original). A composite job has "significant elements of two or more occupations, and as such, ha[s] no counterpart in the DOT." *Id.* Composite jobs are evaluated "according to the particular facts of each individual case." *Id.*

### 2. The ALJ Erred in Determining Plaintiff Can Perform Past Relevant Work

The only issue raised in this matter is the ALJ's step four finding regarding Plaintiff's past relevant work. As the Commissioner concedes, there was confusion during the hearing regarding this work. A summary of the relevant hearing testimony provides context for the parties' arguments.

#### a. Summary of Testimony

At the hearing, Plaintiff testified that he previously worked in the field of data entry for a retail finance provider. AR at 48. Plaintiff testified that in that position, he spent half his time doing data entry and half his time driving to banks to collect on loans. *Id.* at 50-51. The VE testified that the data entry portion of Plaintiff's past relevant work was categorized as a collection clerk position, which is a sedentary, skilled job. *Id.* at 52-53, 64-67. The VE further testified that Plaintiff actually performed this past work at a light exertional level. *Id.* at 53.

After the ALJ questioned Plaintiff about whether he would be able to perform the position of collection clerk as it is normally performed, without the driving aspect of the job, Plaintiff's attorney asked the VE if the job of collections clerk, as Plaintiff described it, was a composite job. AR at 74-75. The VE testified that it was a composite job with that of the

deliverer job. *Id.* at 75. The VE further confirmed that she thought Plaintiff's past relevant work was that of a collections clerk paired with deliverer. *Id.*

After discussing Plaintiff's activities of daily living, the ALJ asked the VE if an individual with Plaintiff's RFC would be able to do "the collections job as normally performed". AR at 80. The VE testified that an individual would be able to perform that job. *Id.* The ALJ and VE then engaged in the following dialogue in an effort to clarify Plaintiff's past relevant work.

> ALJ: …We have normally collections clerk. You're satisfied he was doing it – or that it's a collections clerk job, normally sedentary skilled. But then you said you also think he was a deliverer. Is that correct?
>
> VE: Well, he said he did it half the time.
>
> ALJ: Yeah. And that's where we were talking about –
>
> VE: And so that was the delivery portion of the job, right.
>
> ALJ: Okay. Which is – so the job –
>
> VE: Just the collections –
>
> ALJ: So it's the collection clerk actually being light, skilled then, correct?
>
> VE: As actually performed, yes.
>
> ALJ: All right. So collections –
>
> VE: And then –
>
> ALJ: Yeah, go ahead.
>
> VE: Okay. And then as actually performed with this RFC, the past work could not be performed.

AR at 81.

The ALJ found that if Plaintiff could not do past relevant work, he has no transferable skills from the collections clerk job and that Plaintiff would therefore grid under medical vocational rule 202.06 would apply because of his age. AR at 82-83. At the end of this dialogue,

ORDER - 5

Plaintiff's attorney asked if the VE was looking at the collections clerk job as a composite job with the delivery driver or just the collections clerk. *Id.* at 84. The ALJ responded that the VE "already said that at that light scenario, it's the collections clerk as is normally performed, which is sedentary, skilled. So it's not the composite job. It's as it's normally performed." *Id.* The VE confirmed that the ALJ was correct. *Id.*

                                                b. The Parities' Arguments

The ALJ's decision states that the VE testified that Plaintiff's past relevant work was categorized as collection clerk with a sedentary exertional level per the DOT but performed by Plaintiff at the light exertional level. AR at 27. The ALJ's decision found Plaintiff is still capable of performing past relevant work because the VE testified that an individual with Plaintiff's RFC could perform the collection clerk job as generally performed. *Id.*

Plaintiff asserts the ALJ erred in finding his past relevant work consisted of only the position of collection clerk, arguing the VE testified that his past work would be a composite job consisting of the positions collections clerk and deliverer. (Dkt. # 8 at 4 (citing *id.* at 74-75).) Plaintiff further argues the ALJ erred in finding he could perform his past relevant work as a collection clerk as generally performed because a composite job must be analyzed as it was actually performed, and the VE testified Plaintiff would not be able to perform the work as actually performed. (*Id.* (citing Program Operations Manual System ("POMS") DI 25005.020 ("When comparing the claimant's RFC to a composite job as it was performed, find the claimant capable of performing the composite job only if he or she can perform all parts of the job. A composite job will not have a DOT counterpart, so do not evaluate it at the part of step 4 considering work 'as generally performed in the national economy.'").)

The Commissioner acknowledges the VE testified that Plaintiff's past relevant work was a composite job, but argues this was not the VE's final testimony. (Dkt. # 9 at 2-3.) Specifically, the Commissioner argues it was later clarified that Plaintiff's past work was not a composite job when Plaintiff's attorney asked whether the VE was looking at the collections clerk job as a composite job with the delivery driver or just the collections clerk. (*Id.* at 3.) Plaintiff's refutes the Commissioner argument, asserting that this specific dialogue regarded what position was being discussed at that time in the hearing, not whether Plaintiff's past relevant work history was a composite job. (Dkt. # 10 at 1.)

The Court agrees with Plaintiff. The VE specifically testified that Plaintiff's past relevant work was a composite job comprising of the jobs of collection clerk and deliverer. AR at 74-75. The VE also testified multiple times that Plaintiff past work consisted of spending half his time in the data entry position and half his time in the driving position. *Id.* at 74-75, 81. Although the Commissioner asserts testimony later in the hearing clarified that the past work was not a composite job, the Court disagrees. Regardless, even if that testimony did make that clarification, the ALJ still erred by finding Plaintiff could perform the work as generally performed instead of actually performed. What is clear from the hearing is that the VE testified that an individual with Plaintiff's RFC could not perform the past relevant work as actually performed, to which the ALJ responded "Indeed, okay." AR at 81. Accordingly, the Court finds the ALJ erred at step four. *Carmickle v. Comm'r of Soc. Sec. Admin.,* 533 F.3d 1155, 1162-63 (9th Cir. 2008).

### 3. Request for Immediate Award of Benefits

Usually, "[i]f additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Lewin v. Schweiker,* 654 F.2d 631, 635 (9th Cir. 1981). The court has discretion to remand the case for an immediate award of benefits,

however, when the three-part credit-as-true rule is satisfied. *Garrison v. Colvin,* 759 F.3d 995, 1020 (9th Cir. 2014). This framework requires the court to find that (1) the record has been fully developed such that further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; and (3) "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* Even when these three elements are met, the court may decline to remand a case for an award of benefits "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021; *see also Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1106 (9th Cir. 2014) ("[A]n ALJ's [error] does not, without more, require the reviewing court to credit the claimant's testimony as true."); *Connett v. Barnhart,* 340 F.3d 871, 876 (9th Cir. 2003) (noting courts have "some flexibility" in applying the credit-as-true rule).

Plaintiff argues remand for an immediate award of benefits is warranted, citing the "credit-as-true" rule. (Dkt. # 8 at 4-5.) Here, the court agrees that the credit-is-true rule is satisfied and that remand for an immediate award of benefits is appropriate. First, the record has been fully developed such that further administrative proceeding would serve no useful purpose. The ALJ made clear that but for Plaintiff's past relevant work, Plaintiff would grid under medical vocational rule 202.06 would apply. Second, as discussed above, the ALJ failed to provide legally sufficient reasons for determining Plaintiff could perform relevant past work.

Third, if the ALJ had found Plaintiff could not perform his past relevant work, he would have to determine whether there would be any transferrable skills from that past work to any other work in the national economy. As Plaintiff notes, the job of deliverer is unskilled and so the ALJ would only need to make this determination based on the skilled work of collections

ORDER - 8

clerk job. (Dkt. # 8 at 5.) Since the VE testified that there would be no transferable skills from the collections clerk job, Plaintiff would grid under medical vocational rule 202.06 due to Plaintiff's age. Accordingly, the Court exercises its discretion to apply the credit-as-true rule because the record as a whole does not create serious doubt that Plaintiff is disabled.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for an award of benefits.

Dated this 14th day of February, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge